**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CHRISTOPHER LAROSE, | : |
|     **Plaintiff** | : |
| | : |
|   **v.** | :    **C.A. No.** |
| | : |
| SAFETY MANAGEMENT SOLUTIONS, LLC, | : |
|     **Defendant** | : |

## COMPLAINT

### I. Introduction

This is an action brought by Plaintiff against the Defendant seeking damages arising out of

the unlawful conduct of the Defendant in violation of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §201, *et seq.*, and the Rhode Island Minimum Wage Act ("RIMWA"), R.I.G.L. §28-12-1,

*et seq.*

### II. Parties

1. The Plaintiff is a resident of the Town of Chepachet, County of Providence, State

of Rhode Island and was an employee of the Defendant within the meaning of the FLSA and the

RIMWA.

2. Defendant Safety Management Solutions, LLC ("SMS") is a corporation duly

organized pursuant to the laws of the State of Rhode Island with its principal place of business

located at 100 Viceroy Road, Warwick, Rhode Island 02886.

### III. Jurisdiction

3. This Court has jurisdiction over the Plaintiff's claims under the FLSA pursuant to

29 U.S.C. §216(b) and supplemental jurisdiction over the Plaintiff's claims under the RIMWA

pursuant to 28 U.S.C. §1367.

## IV. <u>Venue</u>

4.    Venue is proper in this Court insofar as Defendant SMS is, and at all times hereinafter mentioned was, doing business in Rhode Island and, therefore, is deemed to reside in the District of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

## V. <u>Material Facts</u>

5.    In May 2020, the Plaintiff was hired as an armed guard at Defendant SMS.

6.    At the time of his hire, the Plaintiff was paid at a rate of $23.00 per hour.

7.    In or about January 2022, the Plaintiff was promoted to a supervisory and received $200.00 per week stipend and his rate of pay was decreased to $18.00 per hour.

8.    During the time period between May 2020 and March 2023, Defendant SMS required the Plaintiff to work hours in excess of forty (40) hours in various workweeks without overtime premium pay.

9.    In fact, from May 2020 to November 2022, the Plaintiff worked approximately forty (40) to eighty-two (82) hours of overtime per week.  However, Defendant SMS failed and/or refused to pay the Plaintiff any overtime wages and intermittently paid him overtime wages for overtime hours worked between the months of November 2022 to March 2023.

10.    The FLSA and the RIMWA require employers to pay their employees at a rate not less than one and one-half times (1½) their regular rate of pay for all hours worked in excess of forty (40) in any one workweek.  29 U.S.C. §207(a)(1); R.I.G.L. §28-12-4.1.

11.    The FLSA and the RIMWA exempt certain "bona fide executive, administrative, or professional" employees from its minimum wage and overtime provisions.  29 U.S.C. §213(a)(1). The exempt and nonexempt status of any particular employee is determined on the basis of whether

the employee's salary and duties meet the requirements of the U.S. Department of Labor wage and hour regulations. 29 C.F.R. §541, *et seq*.

12.     The Plaintiff's job duties were not managerial in nature and he held no authority to hire or fire other employees. 29 C.F.R. §541.100(a).

13.     The Plaintiff's primary duties were not of "such substantial importance to the management or operation of the business that [they] can be said to be 'directly related to management policies or general business operations[,]'" so as to satisfy the first prong of the duties test. 29 C.F.R. §541.205(c)(2).

14.     The Plaintiff's primary job duties did not require the exercise of discretion and independent judgment, with respect to "decisions normally made by persons who formulate policy within their spheres of responsibility or who participate in this process or who exercise authority to commit the employer in a *substantial* respect, financial or otherwise," so as to satisfy the second prong of the duties test. 29 C.F.R. §541.207(d)(2)(emphasis added).

15.     Despite the fact that the Plaintiff was a non-exempt employee, Defendant SMS failed to pay the Plaintiff overtime premiums on numerous workweeks as required by the FLSA and the RIMWA.

16.      As stated above, the Plaintiff was regularly required to work in excess of forty (40) hours per week at Defendant SMS.

17.     Defendant SMS was required to compensate the Plaintiff at a rate not less than one and one-half (1 ½) times his regular rate of pay for each hour worked in excess of forty (40) in a given week.

18.     Beginning in or about May, 2020 and until the Plaintiff's termination on March 22,

3

2023, Defendant SMS failed and/or refused to compensate the Plaintiff at a rate not less than one and one-half (1 ½) times his regular rate of pay for each hour worked in excess of forty (40) in a given week.

19. As a proximate result of the Defendant SMS' unlawful employment practices, including, but not limited to, those described herein, the Plaintiff has suffered and will continue to suffer loss of income, including past and future salary and other harm.

### VI.   Claims for Relief

20. The Plaintiff incorporates the allegations contained in ¶¶1 through 19 above in the counts set forth below.

### Count One
### Violation of FLSA—29 U.S.C. §207

21. Defendant SMS, by its acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing or refusing to pay the Plaintiff overtime compensation for work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. §216(b) and/or other applicable law.

### Count Two
### Violation of RIMWA, R.I.G.L. §28-12-1, *et seq.*

22. Defendant SMS, by its acts and/or omissions, including, but not limited to, those described herein, violated the RIMWA by failing or refusing to pay the Plaintiff for overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-14-19.2 and/or other applicable law.

### VII.  **Prayers for Relief**

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1.    a declaratory judgment that Defendant SMS, in the manner described herein, violated the Fair Labor Standards Act 29 U.S.C. §201, *et seq.* and the Rhode Island Minimum Wage Act R.I.G.L. §28-12-1, *et seq.*.

2.    enjoining and permanently restraining Defendant SMS from violating the Fair Labor Standards Act 29 U.S.C. §201, *et seq.* and the Rhode Island Minimum Wage Act R.I.G.L. §28-12-1, *et seq.*

3.    award the Plaintiff back pay, including incremental increases, and other benefits, plus prejudgment interest thereon;

4.    award the Plaintiff liquidated damages pursuant to 29 U.S.C. §2617(a)(1), 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2(a);

5.    award the Plaintiff prejudgment interest;

6.    award the Plaintiff reasonable attorney's fees and costs of litigation; and,

7.    such other and further relief as the Court deems just and proper.

### VIII.  **Demand for Jury Trial**

The Plaintiff hereby demands a trial by jury on all counts so triable.

### IX.  **Designation of Trail Counsel**

The Plaintiff hereby designates V. Edward Formisano, Esquire as trial counsel.

PLAINTIFF,
By his attorneys,
FORMISANO & COMPANY, P.C.


/s/ V. Edward Formisano
V. Edward Formisano (#5512)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)
edf@formisanoandcompany.com


## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 7th day of April, 2023 and is available for viewing and downloading from the ECF system.


/s/ V. Edward Formisano

6